**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRADFORD WILSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **OCCUPY PHILLY, et al.** | : | **NO. 12-00705** |

**MEMORANDUM**

**O'NEILL, J.**                                    **FEBRUARY** /4 , **2012**

Bradford Wilson brought this civil rights action, apparently pursuant to 42 U.S.C. § 1983, against Occupy Philly and several of the group's members.  The complaint alleges that John,[1] a black member of Occupy Philly, stated that someone called him a "nigger."  When Wilson told John what that word means, "everyone said [he couldn't] use that word" and voted him out of the group. Wilson states that group members were "ok when a black person uses [the word, but were] not ok with a white person us[ing] it." According to the complaint, Wilson has not suffered any injuries "at this time."  He asks this Court to require "all occupyers [sic] to do a book report" on the First Amendment.

Bradford's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss Bradford's complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.  See Grayson

---

[1]The complaint identifies the individual defendants by their first names only.

v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002)
(non-prisoner indigent plaintiffs are "clearly within the scope
of § 1915(e)(2)"). A complaint is frivolous if it "lacks an
arguable basis either in law or in fact." Neitzke v. Williams,
490 U.S. 319, 325 (1989).

This Court will dismiss Bradford's complaint as legally
frivolous. Nothing in the complaint suggests that the defendants
are state actors subject to liability under § 1983. See West v.
Atkins, 487 U.S. 42, 49 (1988) ("The traditional definition of
acting under color of state law requires that the defendant in a
§ 1983 action have exercised power possessed by virtue of state
law and made possible only because the wrongdoer is clothed with
the authority of state law.") (quotations omitted); Groman v.
Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit
under § 1983 requires the wrongdoers to have violated federal
rights of the plaintiff, and that they did so while acting under
color of state law."). Nor do the complaint's allegations
support any other federal cause of action. As there is no legal
basis for Bradford's claims, he will not be given leave to amend
because amendment would be futile. See Grayson, 293 F.3d at 112-
13. An appropriate order follows.